1  MANATT, PHELPS & PHILLIPS, LLP
2  Christopher L. Wanger (CA Bar No. 164751)
   One Embarcadero Center, 30th Floor
3  San Francisco, California 94111
   Telephone: (415) 291-7400
4  Facsimile: (415) 291-7474
   CWanger@manatt.com
5

6  MANATT, PHELPS & PHILLIPS, LLP
   Shari Mulrooney Wollman (CA Bar No. 137142)
7  11355 W. Olympic Blvd.
   Los Angeles, CA 10036
8  Telephone: (310) 312-4000
   Facsimile: (310) 312-4224
9  SWollman@manatt.com

10 Attorneys for Plaintiff,
   ORAL CARE PRODUCTS, LLC
11

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| ORAL CARE PRODUCTS, LLC, a Delaware limited liability company, | Case No. _____ |
|---|---|
| Plaintiff, | COMPLAINT FOR TRADEMARK INFRINGEMENT; FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION |
| vs. | |
| BLUE SALES, INC., a New York corporation, YEHUDIS WEISS, an individual and BERISH WEISS, an individual, | DEMAND FOR JURY TRIAL |
| Defendants. | |

Plaintiff, Oral Care Products, LLC ("Plaintiff"), for its Complaint against defendants, Blue Sales, Inc., Yehudis Weiss and Berish Weiss (collectively "Defendants"), alleges as follows:

## JURISDICTION

1. This is an action for preliminary and permanent injunctive relief and damages arising from Defendants' infringement, under 15 U.S.C. § 1114 and the common law, of Plaintiff's trademarks "SMILEACTIVES" and "SMILEACTIVES PRO WHITENING" for oral care-related products, for Defendants' violation of 15 U.S.C. § 1125(a), for trademark dilution under 15 U.S.C. § 1125(c) and for unfair competition under the statutory law of California, including California Business and Professions Code § 17200, et seq., and under the common law of the State of California.

2. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1338(a), 1338(b), and 1367(a) and 15 U.S.C. § 1121, as the claims herein arise under the laws of the United States, or are related to such claims and are part of the same case or controversy.

## VENUE AND PARTIES

3. Venue in this Court is proper under 28 U.S.C. §§ 1391(b) and (c) because Plaintiff is informed and believes that Defendants sell products and/or are subject to personal jurisdiction in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District. Among other things, Defendants have made infringing sales of products to customers in this District as alleged below.

4. At all times material hereto, Plaintiff, is and has been a limited liability corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in El Segundo, California.

5. Defendant Blue Sales, Inc. ("Blue Sales") is a corporation organized under the laws of the State of New York. Plaintiff is informed and believes that Blue Sales Inc.'s principal place of business is 1551 44th Street in Brooklyn, New York.

6. Plaintiff is informed and believes and on that basis alleges that, at all times material hereto, defendants Yehudis Weiss and Berish Weiss are individuals residing at 1551 44th Street in Brooklyn, New York.

7. Plaintiff is informed and believes that, at all times material hereto, Yehudis Weiss and Berish Weiss were officers, directors, agents, servants or employees of Blue Sales, Inc., and authorized, directed, supervised, participated and had a direct financial interest in the infringement and other misconduct alleged below.  At all times mentioned herein, each of the Defendants named herein was the agent or alter ego of the other Defendants, and, in doing the acts alleged herein, was acting within the course, scope and authority of said agency with knowledge, permission, and consent of the other Defendants. Throughout this Complaint, a reference to "Defendants" shall mean and refer to "Defendants, and each of them," unless it is specified otherwise.

## FACTS COMMON TO ALL CAUSES OF ACTION

*Plaintiff and Plaintiff's Trademarks*

8. Plaintiff is a company that develops, manufactures and sells oral care products, including tooth whitening products that can be easily used by consumers at home.  Plaintiff is the owner of the trademarks SMILEACTIVES and SMILEACTIVES PRO WHITENING and of the two federal registrations on such marks, which were issued on the Principal Register in the United States Patent and Trademark Office (respectively, Registration Number 4,003,406 and Number 4,634,027) (collectively the "SMILEACTIVES Marks").

9. Plaintiff's products all relate to oral care and tooth whitening.  Plaintiff sells a number of products, including its Smileactives Original Whitening Pen, Pro Whitening Flouride Toothpaste and other products (collectively, the "Products") under the SMILEACTIVES Marks.

10. Between 2011 and May 2017, Oraceutical, LLC ("Oraceutical") continuously used the mark SMILEACTIVES for oral care products.  On July 26, 2011, Oraceutical was issued a federal registration of its mark SMILEACTIVES for oral care products in International Class 3 for dental bleaching, home dental care products for dogs and cats, non-

medicated dental rinse, tooth bleaching preparations, tooth cleaning preparations, tooth gel, tooth paste, tooth whitening creams and other cosmetic preparations for the care of the mouth and teeth, bearing U.S. Reg. No. 4,003,406.  On or around May 15, 2017, Oraceutical assigned ownership of U.S. Reg. No. 4,003,406 to Plaintiff.  The assignment was recorded with the United States Patent and Trademark Office ("U.S.P.T.O.") on May 20, 2017.  Since May 15, 2017, Plaintiff has continuously used the mark SMILEACTIVES for oral care products.  Plaintiff's registration on the SMILEACTIVES mark is valid and subsisting.  On October 28, 2017, U.S. Registration No. 4,003,406 achieved incontestable status under 15 U.S.C. § 1065.  A true and correct copy of U.S. Reg. No. 4,003,406 is attached hereto as **Exhibit 1**.

11. Between 2014 and May 2017, Oraceutical continuously used the mark SMILEACTIVES PRO WHITENING for oral care and tooth whitening products.  On November 4, 2014, Oraceutical was issued a federal registration of its mark SMILEACTIVES PRO WHITENING in International Classes 3 and 5 for tooth whitening preparations, toothpaste and mouthwashes, bearing U.S. Reg. No. 4,634,027.  On or around May 15, 2017, Oraceutical assigned ownership of Reg. No. 4,634,027 to Plaintiff.  The assignment was recorded with the U.S.P.T.O. on May 20, 2017.  Since at least May 20, 2017, Plaintiff has continuously used the mark SMILEACTIVES PRO WHITENING for oral care and tooth whitening products. Plaintiff's registration on its SMILEACTIVES PRO WHITENING mark is valid and subsisting. A true and correct copy of U.S. Reg. No. 4,634,027 is attached hereto as **Exhibit 2.**

12. Plaintiff maintains certain quality control standards for the Products that it sells under its SMILEACTIVES Marks.  Plaintiff takes active steps to ensure the safety and freshness of the Products.  For those SMILEACTIVES Products that degrade over time, Plaintiff marks or stamps the Products with an expiration date, monitors the expiration dates and takes other steps to eliminate or reduce the chances that Plaintiff sells any Products after the lapse of their expiration date.

*Defendants' Use of Plaintiff's Marks*

13. Plaintiff is informed and believes that Defendants Berish Weiss and Yehudis Weiss reside at 1551 44th Street in Brooklyn, New York and operate Blue Sales from that location. Some or all SMILEACTIVES Products purchased from Blue Sales on Amazon.com are shipped to customers from Defendants' address at 1551 44th Street in Brooklyn, New York.

14. Plaintiff is informed and believes that from at least 2017 to the present, the Defendants have been offering for sale and selling on Amazon.com under the name "Blue Sales" Plaintiff's Products under the SMILEACTIVES Marks that lack the quality control standards of Plaintiff's SMILEACTIVES Products and that are materially different from Plaintiff's SMILEACTIVES Products. Plaintiff is informed and believes that, among other things, Defendants have sold and/or are selling on Amazon.com SMILEACTIVES Products under the SMILEACTIVES Marks, including Plaintiff's Pro Whitening Fluoride Toothpaste, an over the counter drug, that have expired. Plaintiff is further informed and believes that Defendants have tampered with SMILEACTIVES Products they sell on Amazon.com to conceal from consumers their lapsed expiration dates. Plaintiff is informed and believes that Defendants have defaced the expiration date stamps on expired SMILEACTIVES Products to render the lapsed expiration dates unreadable. Plaintiff is further informed and believed that Defendants also have placed stickers over the expiration dates they defaced to completely conceal from customers the SMILEACTIVES Products' lapsed expiration date. Defendants are offering for sale and selling on Amazon.com such expired and tarnished SMILEACTIVES Products. Defendants have made sales to customers in this District of such expired and tarnished SMILEACTIVES Products.

15. In addition to selling expired and tarnished SMILEACTIVES Products under the SMILEACTIVES Marks, Defendants are advertising for sale and selling products as genuine articles under the SMILEACTIVES Marks that are materially different in other ways from the SMILEACTIVES Products sold by Plaintiff. For example, Plaintiff provides a 60-day product exchange guarantee on its SMILEACTIVES Products sold by it or its authorized resellers on Amazon.com. That guarantee provides that if a customer who purchases a SMILEACTIVES

Product from an authorized seller is for any reason dissatisfied or has an issue with the product, such customer can return the product to Plaintiff within 60 days of purchase for an exchange of the same item, brand new.

16. Defendants are not authorized sellers of SMILEACTIVES Products. Customers who purchase SMILEACTIVES Products from Defendants, including through Amazon.com, are not entitled to Plaintiff's 60-day product exchange guarantee on such products. Nevertheless, Defendants falsely suggest to their customers of SMILEACTIVES Products that the customers are entitled to the protections of Plaintiff's 60-day product exchange guarantee on SMILEACTIVES Products purchased from Defendants on Amazon.com. Among other things, Defendants include in the description of the SMILEACTIVES Products they sell on Amazon.com a copy of Plaintiff's 60-day product exchange guarantee but fail to disclose that they are not an authorized seller of Plaintiff's SMILEACTIVES Products. Defendants also list as "new" the SMILEACTIVES Products they sell on Amazon.com. Amazon's selling guidelines make clear that a "new" product is one that the original manufacturer's warranty, if any, still applies, with warranty details included in the listing comments. No warranty or 60-day product exchange guarantee applies to SMILEACTIVES Products sold by Defendants on Amazon.com because, among other things, Defendants are not authorized sellers of Plaintiff's products. Defendants have made sales to customers in this District of SMILEACTIVES Products that Defendants have falsely suggested are protected by, but lack, Plaintiff's 60-day product exchange guarantee.

17. Defendants' sales on Amazon.com and elsewhere of SMILEACTIVES Products under the SMILEACTIVES Marks that are expired, tarnished and materially different from Plaintiff's SMILEACTIVES Products are likely to cause consumer confusion about the source and quality of the trademarked Products and violate Plaintiff's SMILEACTIVES Marks.

18. By virtue of the foregoing conduct, Defendants have misappropriated Plaintiff's SMILEACTIVES Marks. Plaintiff has not consented to this use by Defendants or authorized such use in any respect. Plaintiff has demanded that Defendants cease their infringing use of Plaintiff's trademarks; however, Defendants have refused Plaintiff's demands.

*Harm to Plaintiff*

19. Prior to the commencement of Defendants' acts complained of herein, Oraceutical and Plaintiff had established a large and valuable business and goodwill in the use of the SMILEACTIVES Marks in the United States and abroad. Oraceutical and Plaintiff have expended large sums of money and effort to develop distinctive marks for the Products.

20. As a result of the fame of Plaintiff's SMILEACTIVES Marks and of Plaintiff's success and promotional activities, its customers and the public have come to identify the SMILEACTIVES Marks with Plaintiff. To Plaintiff's customers and the public, the SMILEACTIVES Marks indicate that all goods and services related thereto offered under the SMILEACTIVES Marks are of high quality.

21. Defendants' use in commerce of the SMILEACTIVES Marks for oral care products that are expired, tarnished and materially different from Plaintiff's SMILEACTIVES Products is likely to cause confusion, deception, and mistake in the minds of the public with respect to the quality of Defendants' goods, in that the public will believe that Plaintiff is affiliated with Defendants and/or Defendants' goods, or has sponsored, approved, or licensed Defendants' use of the SMILEACTIVES Marks and/or Defendants' goods offered under such mark and that such goods are of the same quality as Plaintiff's goods. Defendants' use in commerce of the SMILEACTIVES Marks also tarnishes the distinctive quality of Plaintiff's Products sold under its SMILEACTIVES Marks.

22. Plaintiff is informed and believes that, in offering for sale and selling SMILEACTIVES products that are expired, tarnished and materially different from Plaintiff's SMILEACTIVES Products, Defendants deliberately and willfully misappropriated Plaintiff's SMILEACTIVES Marks in order to trade upon the goodwill that Plaintiff has developed in its marks, and to lead customers to believe that Plaintiff is affiliated with Defendants and/or Defendants' goods, or has approved, licensed, or sponsored Defendants' use of the SMILEACTIVES Marks, when in fact Defendants are not affiliated with Plaintiff and Plaintiff

has not approved, licensed, or sponsored Defendants' use of Plaintiff's SMILEACTIVES Marks on such expired, tarnished and materially different products.

### FIRST CLAIM FOR RELIEF
### TRADEMARK INFRINGEMENT
(Against All Defendants)

23. Plaintiff hereby incorporates by reference the statements and allegations contained in paragraphs 1-22 as if fully stated herein.

24. Defendants' use in commerce of the SMILEACTIVES Marks on oral care products that are expired, tarnished and materially different from Plaintiff's SMILEACTIVES Products is likely to cause confusion or mistake and to deceive purchasers of Defendants' products.

25. At the time Defendants began using the SMILEACTIVES Marks on products that are expired, tarnished and materially different from Plaintiff's oral care products, Defendants knew of Plaintiff's prior adoption, ownership, and wide spread use of its SMILEACTIVES Marks, and knew of the valuable goodwill and reputation acquired by plaintiff in its SMILEACTIVES Marks.

26. Defendants' acts constitute infringement of Plaintiff's SMILEACTIVES Marks in violation of the Lanham Act, 15 U.S.C. § 1114, and the common law.

27. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer damage to its business reputation and goodwill. Defendants will continue, unless restrained, to use the SMILEACTIVES Marks, which will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendants, their agents and employees, and all persons acting in concert with Defendants, from engaging in further acts of trademark infringement.

28. Plaintiff is further entitled to recover from Defendants its actual damages sustained as a result of Defendants' wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' acts of trademark infringement.

29.     Plaintiff is further entitled to recover from Defendants the gains, profits and advantages Defendants have obtained as a result of their wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits and advantages Defendants have realized by reason of their acts of trademark infringement.

30.     Because of the willful nature of Defendants wrongful acts, Plaintiff is entitled to an award of treble damages under 15 U.S.C. § 1117 and an award of attorneys' fees.

SECOND CLAIM FOR RELIEF
<u>FALSE DESIGNATION OF ORIGIN</u>
(Against All Defendants)

31.     Plaintiff hereby incorporates by reference the statements and allegations contained in paragraphs 1-22 as if fully stated herein.

32.     Defendants' actions constitute a false designation of origin in violation of 15 U.S.C. § 1125(a).

33.     As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer damage to its business reputation and goodwill. Defendants will continue, unless restrained, to use the SMILEACTIVES Marks, which will cause irreparable damage to plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendants, their officers, agents and employees, and all persons acting in concert with Defendants, from engaging in further acts of false designation of origin.

34.     Plaintiff is further entitled to recover from Defendants its actual damages sustained as a result of Defendants' wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' acts of false designation of origin.

35.     Plaintiff is further entitled to recover from Defendants the gains, profits and advantages Defendants have obtained as a result of their wrongful acts. Plaintiff is presently unable to ascertain the extent of the gains, profits and advantages Defendants have realized by reason of their acts of false designation of origin.

36. Because of the willful nature of Defendants' wrongful acts, Plaintiff is entitled to an award of treble damages pursuant to 15 U.S.C. § 1117 and an award of attorneys' fees.

## THIRD CLAIM FOR RELIEF
## UNFAIR COMPETITION
(Against All Defendants)

37. Plaintiff hereby incorporates by reference the statements and allegations contained in paragraphs 1-22 as if fully stated herein.

38. Defendants' actions constitute unfair competition under the statutory law of California, including California Business and Professions Code § 17200, et seq., and under the common law of the State of California.

39. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer damage to its business reputation and goodwill. Defendants will continue, unless restrained, to offer for sale and sell Plaintiff's Products under the SMILEACTIVES Marks that lack the quality control standards of Plaintiff's SMILEACTIVES Products and that are tarnished and materially different from Plaintiff's SMILEACTIVES Products. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendants, their officers, agents and employees, and all persons acting in concert with Defendants, from engaging in further acts of unfair competition.

40. Plaintiff is further entitled to recover from Defendants the gains, profits and advantages Defendants have obtained as a result of their wrongful acts. Plaintiff is presently unable to ascertain the extent of the gains, profits and advantages Defendants have realized by reason of their acts of unfair competition.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants as follows:

1. Finding that Defendants, and each of them, by offering for sale and selling Plaintiff's Products under the SMILEACTIVES Marks that lack the quality control standards of Plaintiff's SMILEACTIVES Products and that are materially different from Plaintiff's SMILEACTIVES Products, have infringed Plaintiff's SMILEACTIVES Marks under 15 U.S.C. § 1114 and the common law, have violated 15 U.S.C. § 1125(a) and the common law, have unfairly competed with Plaintiff and have diluted the distinctive quality of Plaintiff's SMILEACTIVES Marks;

2. Ordering that Defendants and their agents, servants, employees, partners, representatives and attorneys and all persons in active concert or participation with Defendants or with any of the foregoing be enjoined preliminarily during the pendency of this action and permanently thereafter from:

    a. Promoting, advertising, publicizing, offering for sale, or selling any oral care products or any other goods or services under the SMILEACTIVES Marks, or any other mark, name, symbol, Internet domain name, vanity telephone number, or logo that incorporates or is confusingly similar to Plaintiff's SMILEACTIVES Marks;

    b. Promoting, advertising, publicizing, offering for sale, or selling any oral care products or any other goods or services under the SMILEACTIVES Marks or any other mark, name, symbol, or logo which is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that Defendants' oral care products are authorized by Plaintiff, are endorsed by Plaintiff, or are sponsored or licensed by Plaintiff;

    c. Using false designations of origin or engaging in any act or series of acts which, either alone or in combination, constitutes unfair methods of competition with Plaintiff and from otherwise interfering with, or injuring Plaintiff's SMILEACTIVES Marks or the goodwill associated therewith;

    d. Engaging in any act which tarnishes the distinctive quality of Plaintiff's SMILEACTIVES Marks and/or injures Plaintiff's business reputation; and

    e. Representing or implying that Defendants are in any way sponsored by, affiliated with, or endorsed or licensed by Plaintiff.

3. Ordering that Plaintiff is the exclusive owner of the SMILEACTIVES Marks and that said trademarks are valid;

4. Ordering that Defendants be required to deliver to Plaintiff for destruction all oral care products which bear the mark SMILEACTIVES Marks or any other trademarks, names, or logo that are confusingly similar to Plaintiff's SMILEACTIVES Marks;

5. Granting an award of damages suffered by Plaintiff according to proof at the time of trial herein;

6. Granting Plaintiff an award of three times the amount of compensatory damages and profits pursuant to 15 U.S.C. § 1117.

7. Granting Plaintiff an award of its costs, expenses and reasonable attorneys' fees as allowed by law; and

8. Granting such other and further relief as is just and proper.

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP

Dated:  January 12, 2018            By   /s/ Christopher L. Wanger
                                         Christopher L. Wanger
                                         Attorneys for Plaintiff,
                                         ORAL CARE PRODUCTS, LLC

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues triable by jury.

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP

Dated:  January 12, 2018            By    /s/ Christopher L. Wanger
                                          Christopher L. Wanger
                                          Attorneys for Plaintiff
                                          ORAL CARE PRODUCTS, LLC